UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIN BRAVER, | Case No. 2:21-cv-01959-JCM-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 29] |
| HCSLV, INC., et al., | |
| Defendant(s). | |

On June 28, 2022, the Court ordered Dr. Steven Hoer to show cause why he should not be fined. Docket No. 21. The parties have since settled this case. *See* Docket No. 26. In light of that settlement, Dr. Hoer would prefer not to respond to the order to show cause. *See, e.g.*, Docket No. 27 at 2 ("Defendants are requesting that this Court will waive a formal response from Dr. Hoer").[1] Pending before the Court is a stipulation that the order to show cause "be removed from the Court's calendar." Docket No. 29.[2] That request is **DENIED**.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Even after judgment is entered, courts retain jurisdiction to impose sanctions for previous misconduct in the case. *See, e.g.*, *Trustees of the Operating Eng'rs Pension Trust v. Maui One Excavating, Inc.*, 2013 WL 1908328, at *2 (D. Nev. May 7, 2013) (citing *United Energy Owners Comm. v. U.S.*

---

[1] This response references contempt sanctions and inherent authority sanctions, Docket No. 27 at 2-3, neither of which are at issue here, *see* Docket No. 21 at 2 (citing Rules 16(f) and 37(b) of the Federal Rules of Civil Procedure).

[2] The local rules require separate filings when separate relief is being requested. Local Rule IC 2-2(b). In violation of that rule, a single document was filed seeking dismissal of this case and a discharging of the order to show cause. Docket No. 26. The Clerk's Office has since split that stipulation into two separate filings. The Court herein addresses only the request that the order to show cause be discharged in light of the parties' settlement. Docket No. 29. The Court does not herein express any opinion as to whether the case should be dismissed in light of that settlement.

*Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988)).  The Court is not persuaded that the parties' decision to settle this case is sufficient to wipe clean the serious issues raised in the order to show cause.

Accordingly, the stipulation to discharge the order to show cause (Docket No. 29) is **DENIED**.  In light of the issues raised in the prior order to show cause, Docket No. 21, Dr. Steven Hoer is again **ORDERED** to show cause in writing, no later than July 25, 2022, why he should not be fined in an amount of up to $10,000.

IT IS SO ORDERED.

Dated: July 18, 2022

_____
Nancy J. Koppe
United States Magistrate Judge